Forest L. Mott, pro ami, *vs.* John N. Packard et als.

Androscoggin.    Opinion June 19, 1911.

*Master and Servant.    Dangerous Machinery.    Assumption of Risk.    Minors.
Presumptions.    Care Required.*

Where the plaintiff, a minor between 16 and 17 years of age, was the operator of a breaking machine in a cracker factory and was injured by getting his hand caught between the revolving cylinders of the machine, which were in plain view and unguarded,

*Held:* 1. That he assumed the risk of the employment, unless his age or inexperience prevented him from fully understanding and appreciating the danger of his hand coming in contact with the revolving cylinders.

2. That the plaintiff being of ordinary intelligence and understanding, and the dangers of operating the machine being obvious and apparent, he is presumed to have assumed the risk of operating the machine as it was, without any guard to protect his hands from being drawn between the cylinders.

In the absence of anything to show the contrary, a boy who is a minor and an employee in a factory, is presumed to possess the intelligence and understanding ordinarily possessed by boys of his age.

The operator of a machine is bound to exercise due care to avoid injury to himself.

Where the plaintiff was injured by getting his hand caught between the revolving cylinders of a machine which he was operating and the accident was caused by his own negligence, and there was a delay of one or two seconds in stopping the machine and releasing his hand because a fellow servant was unable to shift the driving belt which was fastened by a wire, *held* that even if it were possible to determine how much of the injury was received during the time his fellow servant was prevented from shifting the belt yet the plaintiff could not recover.

On exceptions by plaintiff.    Overruled.

Action on the case brought by the plaintiff, a minor, to recover damages for personal injuries sustained by him while in the employ of the defendants and caused by the alleged negligence of the defendants.    Plea, the general issue.    At the conclusion of the plaintiff's evidence the presiding Justice ordered a nonsuit, and the plaintiff excepted.

The case is stated in the opinion.

*Oakes, Pulsifer & Ludden*, for plaintiff.

*Newell & Skelton*, for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, HALEY, JJ.

HALEY, J. This is an action brought by Forest L. Mott, a minor, by his father as next friend, against John D. Packard et als. to recover for personal injuries received by him while in the employ of the defendants. The plaintiff, at the time he received the injuries complained of, was between sixteen and seventeen years of age, and was employed by the defendants in their cracker factory at Auburn, operating a machine known as a breaking machine.

Before the plaintiff came to Maine his father was employed in a cracker factory in Massachusetts upon practically the same kind of a machine, and at times the plaintiff was accustomed to operate the machine for his father, so that when he was placed at work by the defendants upon the machine that caused the injury he had some knowledge of the nature of the machine, and he had been operating the machine upon which the injury occurred some three or four weeks prior to the accident.

The machine is made up of two metal cylinders eight or nine inches in diameter, which are connected at the right end of the machine with a shafting upon which are a fixed and a loose pulley, the power being furnished by a belt from the shafting to the fixed pulley. At the right end is a shipper, which is used to ship the belt from the fixed pulley to the loose pulley when the machine is not in operation. The tops of the cylinders are in plain sight. The dough to be made into crackers is placed in that part of the machine called the hopper, situated above the cylinders with an incline towards the cylinders, so that the dough of its own weight will fall against the cylinders, and the cylinders, which revolve 140 times a minute, draw the dough through and deposit it upon a table in a thin, flat sheet, from which it is taken and run through another machine and finished for baking.

It was the duty of the plaintiff to place the dough in the hopper, and keep it adjusted so that it would pass through the cylinders in proper shape and come out nearly square. On the day of the accident he placed a sheet of dough in the hopper in order that it might be run through the cylinders. On one end of the sheet of dough was a piece of scrap dough, and while placing that scrap of dough under the sheet so that it would not show on top, his hand came in contact with the cylinders and was drawn through them with the dough, and he sustained the injury complained of.

When the plaintiff's hand began to be drawn between the cylinders, he placed his knee against the table and his left hand upon the top of the hopper, bracing himself in the effort to prevent his hand from being drawn further into the cylinders and made an outcry that attracted the attention of the other workmen, one of whom ran to the shipper at the right of the machine and shipped the belt from the driving pulley on to the loose pulley to stop the machine. The shipper was fastened to the machine by a piece of small wire to prevent it from working off to the loose pulley while the machine was in operation. The first attempt to pull the belt on to the loose pulley failed; at the next attempt the belt was pulled on to the loose pulley, and the workman ran to the other end of the machine, where there was a heavy fly-wheel attached to one of the cylinders, and placing his hands upon this wheel stopped the machine as quickly as possible and then, reversing the cylinders and turning them in the opposite direction, rolled the plaintiff's hand from the machine.

At the close of the plaintiff's testimony the presiding Justice ordered a nonsuit, and the plaintiff brings the case forward upon exceptions to that ruling.

The plaintiff claims that the defendants are liable for the injuries received:

First: Because the plaintiff did not assume the risk of the employment, as he did not fully appreciate the risk of operating the machine.

Second: Because the cylinders or rolls were unguarded.

Third : Because the shipper was fastened to the machine by a wire, and when the plaintiff's fellow-servant attempted to shut off the power it failed to work at the first effort, and the plaintiff's hand was between the cylinders two or three seconds longer than it would have been if the shipper had not been fastened.

It appears from the testimony of the plaintiff, as well as from the testimony of all the other witnesses, that the cylinders revolved in plain sight of the operator of the machine, that they drew the dough through the machine, and that anything that came against them would be drawn through them the same as the dough. It was an obvious danger, in plain view of the plaintiff whenever he was operating the machine, and he knew of the danger. He testified : "Q. Well, didn't you know, if you had stopped to think, that if you got your hand in between the rolls that day you would get it pinched? A. I knew if I got them between the rolls I would get them pinched. Q. You knew that perfectly well, didn't you? A. Yes, sir. Q. And you had knowledge enough of that machine to know that that would be the inevitable result if you got your fingers in there, didn't you? A. Yes, I would get them pinched."

No instructions by the master of the danger of having his hand come in contact with the cylinders would have informed the plaintiff of anything that he did not see and did not know, and it was no part of the duty of the master to inform the plaintiff of the dangers that were known to the plaintiff, and which the plaintiff himself testified he knew. It was not a concealed or unknown danger, but one known and seen by the plaintiff, and he must be presumed to have assumed the risk of the employment, unless his age or inexperience prevented him from fully understanding and appreciating the danger of his hand coming in contact with the revolving cylinders. *Wyman* v. *Berry,* 106 Maine, 43 ; *Wiley* v. *Batchelder,* 105 Maine, 536 ; *Dempsey* v. *Sawyer,* 95 Maine, 295 ; *Bryant* v. *Paper Co.,* 100 Maine, 171.

It is urged that by reason of the immature age of the plaintiff he did not appreciate and understand the danger of his hand coming in contact with the rollers. There is nothing in the case that shows

that he did not have the ordinary intelligence and understanding of boys of his age, and in the absence of evidence of that nature, he must be presumed to possess such intelligence and understanding. If he had ordinary intelligence and understanding, he could not fail to know that if he put his hand against machinery revolving with the rapidity that these cylinders were revolving he would be injured.

There are many cases holding that boys of the age of this plaintiff, and even younger, must be presumed to know the danger of getting in contact with moving machinery. In *Rock* v. *Indian Orchard Mills*, 142 Mass. 522, a boy thirteen years of age was injured by getting his hand into unguarded and rapidly revolving cylinders, and he was presumed to know the danger, and the defendant was held not liable. And in *Ciriack* v. *Merchants' Woolen Co.*, 146 Mass. 182, a boy of twelve years was injured by coming in contact with the gearing of cog wheels, and in that case the court said: "In the absence of anything to show the contrary, the plaintiff must be assumed to have the intelligence and understanding which were usual with boys of that age. . . . . There is no reason to suppose that explicit instructions, if given to him at the beginning of his employment with reference to the danger of touching those wheels when in motion, would have added anything to what he himself must fairly be presumed to have known at the time of the accident."

The plaintiff being of ordinary intelligence and understanding, and the dangers of operating the machine being obvious and apparent, he is presumed to have assumed the risk of operating the machine as it was, without any guard to protect his hands from being drawn between the cylinders.

It is further urged that the defendants were negligent in not providing a suitable machine for the plaintiff to operate, because the shipper that shipped the belt from the fixed pulley which drove the cylinders to the loose pulley, was fastened to the machine by a wire, which was done for the purpose of preventing the belt from slipping from the fixed pulley to the loose pulley, and that when the fellow-servant of the plaintiff discovered that the plaintiff's hand was between the cylinders he was prevented, for the space of one or

two seconds, from shipping the belt to the loose pulley by reason of the shipper being thus fastened to the machine. The plaintiff was bound to exercise due care in operating the machine. He was presumed to know and, from his testimony, it appears that he did know, that if his hand came in contact with the cylinders, it would be drawn into them. Due care upon his part required him to keep his hand at a safe distance from the cylinders. He failed to do so. This was negligence on his part, and by reason of his negligence his hand was drawn between the cylinders. It was no part of the duty of the master, in providing machinery for his employee, to guard against the negligence of the employee. As the accident was caused by the negligence of the plaintiff, he is barred from recovering damages for the injury received, even if it were possible to determine how much of the injury was received during the instant that his fellow-servant was prevented from shipping the belt to the loose pulley. *Nelson* v. *Sanford Mills*, 89 Maine, 219.

*Exceptions overruled.*